**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brian Gunderson,

Plaintiff,

vs.

Sheryl Ramstad Hvass,
individually and as Commissioner
for the Minnesota Department of
Corrections,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-646 ADM/RLE

---

Bradford Colbert, Esq., Legal Assistance to Minnesota Prisoners, St. Paul, MN, on behalf of Plaintiff.

Kari Jo Ferguson, Esq., Assistant Attorney General, State of MN, St. Paul, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Brian Gunderson's ("Plaintiff") Objections [Docket No. 27] to the June 10, 2002, Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 25]. The R&R recommended that Plaintiff's Motion for Summary Judgment [Docket No. 18] be denied, and that Defendant's Motion for Summary Judgment [Docket No. 14] be granted. For the reasons set forth below, the R&R is adopted. The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present objections.

SEP 2 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 2 7
DEPUTY CLERK

## II. DISCUSSION

A district court shall make an independent, *de novo* evaluation of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Plaintiff argues he should not be forced to register as a predatory offender because the predatory offender charges against him, and the original complaint that contained those charges, were dismissed. Plaintiff asserts that the case relied on by Judge Erickson in determining that he could be required to register, Boutin v. LaFleur, 591 N.W.2d 711 (Minn. 1999), cert. denied, 528 U.S. 973 (1999), is distinguishable because the defendant in Boutin pled to one of several charges in the complaint, but the complaint itself was not dismissed. The Plaintiff here pled guilty to a charge filed in a separate complaint filed "in exchange" for which the state would dismiss the original complaint. The new complaint charged conduct arising from the same behavioral incident as the dismissed complaint. Coldagelli Aff. Ex. D at 2-4. The registration statute, Minn. Stat. § 243.166, requires that a person be "charged" with a predatory offense. Plaintiff argues that he cannot be considered to be "charged" with a predatory offense when the complaint containing the predatory offense was dismissed and he pled to a different complaint.

Plaintiff also objects to Judge Erickson's findings that the Department of Corrections did not violate Plaintiff's right to substantive due process or procedural due process by forcing him to register as a predatory offender. Plaintiff asserts that registration as a predatory offender implicates a fundamental right, namely the right to be presumed innocent, thereby violating his right to substantive due process. The Minnesota Supreme Court specifically rejected this

argument in Boutin, stating that the registration requirement does not implicate a fundamental right and that "[k]eeping a list of such offenders is rationally related to the legitimate state interest of solving crimes." Id. at 717-18.

Plaintiff relies on Doe v. Dept. of Public Safety ex rel. Lee, 271 F.3d 38, 47 (2d Cir. 2001), cert. granted, __ U.S. __, 122 S.Ct. 1959 (May 21, 2002), to argue he has a protectable liberty interest in not registering. The Doe Court held that forcible registration as a sex offender meets the "stigma-plus" test and therefore implicates a protectable liberty interest. Id. Plaintiff argues that Doe is not distinguished by the fact that the registration requirement in that case was coupled with an availability of the information to the general public, a factor not present in the type of registration at issue here. Plaintiff asserts his procedural due process is violated because the registration requirement derives from the charge in the complaint issued on an ex parte basis, such that he never had the opportunity to refute the allegations. The Minnesota Supreme Court specifically rejected this argument in Boutin. Id. at 718. The Doe Court relied on its assessment that "active dissemination" to the public implied the offenders were currently dangerous. Doe, 271 F.3d at 44. However, the Boutin Court stated that the registration requirement in Minnesota to "update address information" of record with law enforcement authorities is a "minimal burden" that does not meet the "stigma-plus" test. Boutin, 591 N.W.2d at 718. The statute does not require community notification or any other public disclosure,[1] but instead involves only

---

[1] Plaintiff neither cites nor challenges the constitutionality of Minn. Stat. § 244.052 (2002), which in some circumstances – not applicable to Plaintiff – mandates public disclosure of registration information. Therefore, this case does not raise the issues addressed in Matter of Risk Level Determination of C.M., 578 N.W.2d 391, 399 (Minn. Ct. App. 1998) (holding that community notification is only constitutional where an offender is convicted of, not merely charged with, a sex crime).

"private data" that "may be used only for law enforcement purposes." Minn. Stat. § 243.166 Subd. 7 (2001); see also Boutin, 591 N.W.2d at 717. Because Minn. Stat. § 243.166 is a civil, regulatory statute and the presumption of innocence does not attach, requiring Plaintiff to register and update his address information does not amount to a finding of guilt of an enumerated predatory offense, and Plaintiff's fundamental rights are not implicated. See Boutin, 591 N.W.2d at 717.

The threshold issue here is whether or not the procedural vehicle used, a substitute complaint of a lesser charge, third degree assault, coupled with a dismissal of the original complaint charging first degree criminal sexual conduct, the predatory offense, is markedly different than pleading guilty to a non-enumerated offense charged in the same complaint as the predatory offense. The Minnesota Supreme Court has already determined that the registration requirement is properly applied to a defendant charged with both enumerated and non-enumerated offenses who pleads guilty only to a non-enumerated offense. Under the statute, registration is required where a defendant is convicted of a predatory offense or "another offense arising out of the same set of circumstances." Minn. Stat. § 243.166, Subd. 1 (1996); see State v. Johnson, Nos. C9-99-1046, CX-99-1265, 2000 WL 365051, at *2 (Minn. Ct. App. April 11, 2000).

The Boutin Court reasoned that "because Boutin was charged with an enumerated predatory offense and was convicted of another offense which arose out of the same set of circumstances as the charged predatory offense, . . . he was required to register . . . ." Boutin, 591 N.W.2d at 716. Plaintiff was originally charged with a predatory offense, and that charge was dismissed as a portion of a plea agreement for his plea of guilty to a charge not enumerated in the original complaint. The charge Plaintiff pled guilty to arose from the same circumstances

that gave rise to the original predatory offense charge. Plaintiff's situation is procedurally different but substantially the same as that analyzed by the Boutin Court. As a federal court construing a state statute, the Boutin decision controls as a construction of the highest court within the state. The Medical Protection Co. v. Bell, 912 F.2d 244, 245 (8th Cir. 1990), cert. denied, 498 U.S. 1090 (1991).

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 27] are **DENIED**,
2. The R&R [Docket No. 25] is **ADOPTED**,
3. Plaintiff's Motion for Summary Judgment [Docket No. 18] is **DENIED**, and
4. Defendant's Motion for Summary Judgment [Docket No. 14] is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: September 27, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.